**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED<br>    TRADES INDUSTRY PENSION FUND<br>TIM D. MAITLAND, in his official capacity as a fiduciary,<br>FINISHING TRADES INSTITUTE<br>    F/K/A INTERNATIONAL UNION OF PAINTERS<br>    AND ALLIED TRADES JOINT APPRENTICESHIP<br>    AND TRAINING FUND,<br>POLITICAL ACTION TOGETHER FUND, and<br>PAINTERS AND ALLIED TRADES LABOR<br>    MANAGEMENT COOPERATION INITIATIVE<br>7234 Parkway Drive<br>Hanover, MD 21076<br><br>          Plaintiffs,<br>    v.<br><br>AMERICAN VENTURE CONSTRUCTION, LLC.<br>    d/b/a American Venture Construction LLC<br>    d/b/a American Tri-Venture LLC<br>318 Kingsland Road<br>Landing, NJ 07850<br><br>    and<br><br>L & L PAINTING COMPANY, INC.<br>    d/b/a L & L Painting<br>900 South Oyster Bay Road<br>Hicksville, NY 11801<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain as follows.

**JURISDICTION**

1.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331.  The claims asserted are all made

under federal statutes or federal common law, but the supplemental jurisdiction of the Court

under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2.      A copy of this Complaint is being served on the Secretary of Labor and the

Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §

1132(h).

## VENUE

3.      Venue lies in the District of Maryland under 29 U.S.C. § 1132(e)(2), 29 U.S.C. §

185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund"

or "Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the

"named fiduciary," "plan administrator," and "plan sponsor," and each is an individual

"fiduciary" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International

Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and

Allied Trades Industry Annuity Plan ("Annuity Plan").

5.      The Pension Plan is a "multiemployer plan," "employee benefit plan" and

"employee benefit pension plan" within the meaning of 29 U.S.C. §§ 1002(37), (2), and (3)

which is administered and has its principal place of business in this district at the address for the

Fund in the caption of this Complaint.  The Pension Plan is also referenced as the "IUPAT Union

and Industry National Pension Fund" in the Labor Contract relating to this Complaint.

6.      The Annuity Plan is a "multiemployer plan," "employee benefit plan" and

"employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2), and (3) which

is administered and has its principal place of business in this district at the address for the Fund

in the caption of this Complaint.

2

7.      Plaintiff, Tim D. Maitland ("Maitland" and, together with "Fund," "Plaintiffs") is a fiduciary of the Funds within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Funds and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as organizations.

8.      The Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for:

    (a)      the Pension Plan,

    (b)      the Annuity Plan,

    (c)      the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

    (d)      the Ancillary Funds identified below.

9.      FTI is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), and (3). The FTI maintains its principal place of business and is administered from an office in this district, and is also known as and referenced as the "IUPAT Finishing Trades Institute" in the Labor Contract relating to this Complaint.

10.      The Political Action Together Fund, which includes the Political Action Together – Legislative and Educational Committee and Political Action Together – Political Committee (jointly or severally, "PAT Fund") is an unincorporated association or fund established pursuant to 2 U.S.C. § 431 *et seq.* by the International Union of Painters and Allied Trades for the purpose of advancing the political interest of its members by lawfully influencing the selection, nomination, elections and/or appointment of individuals for political office.

11.      The Painters and Allied Trades Labor Management Cooperation Initiative

724599_1.docx
PTINTF-35750

("LMCI") is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. § 186(c)(9). LMCI is also referenced as the "IUPAT Labor-Management Cooperation Initiative Fund" in the Labor Contract relating to this Complaint.

12.     The PAT Fund and LMCI are jointly referenced as "Ancillary Funds," and maintain their principal place of business and are administered from an office in this district.

13.     The Pension Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, FTI, LMCI, and the PAT Fund.

14.     The Pension Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds, LMCI, and PAT Fund are hereinafter jointly or severally referenced as the "Funds."

15.     Defendant American Venture Construction, LLC ("American Venture") is a New Jersey limited liability company and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

16.     Defendant L & L Painting Company, Inc. ("L&L," and together with American Venture, "Defendants") is a New York corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

17.     At all times relevant to this action, Defendants were parties to or agreed to abide by the terms and conditions of collective bargaining agreements (singly or jointly, "Labor

Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of cover page, contribution provisions, duration clause, and signature or assent page of American Venture's Labor Contract is attached to this Complaint as Exhibit 1. A true and correct copy of cover page, table of contents, contribution provisions, duration clause, and signature or assent page of L&L's Labor Contract is attached as Exhibit 6.

18.     Defendants also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the Pension Plan document. A true and correct copy of the Trust Agreement for the Pension Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents, §§ 3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan are attached as Exhibit 3, and the Annuity Plan has parallel terms.

19.     Under the Labor Contracts, Trust Agreement, Pension Plan, or other documents, Defendants agreed:

(a)     To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement, and Pension Plan. Ex. 2, p.15 (Art.VI § 2); Ex. 3 § 10.07.

(b)     To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 2, pp.15-16 (Art.VI §§ 3, 5).

(c)     To produce, upon request by the Funds, all books and records deemed

5

necessary to conduct an audit of the company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Pension Plan. Ex. 2, pp.16 (Art.VI § 6).

       (d)      To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees and costs, expended by the Funds to collect any amounts due as a consequence of the company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 2, pp. 15-16 (Art.VI §§ 4, 6); Ex. 3, §§ 10.07, 10.11.

       (e)      That Employer Contributions, as defined in the Trust Agreement, become plan assets from the date on which the hours are worked or paid, regardless of whether or not the Employer Contributions are collected or received by the Fund. Ex. 2, pp. 4-5 (Art. I § 10).

### The Overpayment and Audits

20.      Upon information and belief, in or around 2016, Defendants were jointly performing work on a construction project (the "Project") on which both Defendants' employees were performing covered work under the Labor Contract, and for which contributions came due to the Pension Fund.

21.      Upon information and belief, Defendants had an agreement (be it oral or written) whereby L&L would submit a monthly check to the Pension Fund for the contributions owed by American Venture for the Project. However, Plaintiffs do not have access to the terms of any such agreement.

22.      Upon information and belief, American Venture prepared its own monthly remittance reports for the hours of covered work performed by its employees, and then L&L would submit a check to the Pension Fund for contributions owed by American Venture.

6

23. Upon information and belief, it appears that the American Venture remittance reports for the months of October 2016 and November 2016 may have overstated the amount of hours actually worked by American Venture's employees.

24. Upon information and belief, L&L submitted a $247,478.31 check to the Pension Fund based, at least in part, on American Venture's October-November 2016 overstated remittance reports.

25. Upon information and belief, the amount L&L paid for October-November 2016 created an overpayment as it was based on American Venture's overstated hours in its October-November 2016 remittance report hours.

26. On January 21, 2019, the Funds completed an audit of American Venture's books and records for the period October 1, 2014 through September 30, 2018, which revealed that American Venture owed the Funds: $474,902.61 in delinquent contributions; $52,330.91 in interest through June 12, 2019; $94,980.52 in liquidated damages; and $8,476.51 in audit costs.

27. On January 23, 2019, the Funds completed an audit of L&L's books and records for the period January 1, 2015 through December 31, 2017, which revealed that L&L owed the Funds: $70,338.44 in delinquent contributions; $7,915.62 in interest through February 12, 2019; $14,067.69 in liquidated damages; and $12,161.06 in audit costs.

28. Upon information and belief, the amount of the overpayment for October-November 2016 is $166,019.69 (the "Overpayment").

29. The Funds are without sufficient knowledge and information to make a determination as to which Defendant's delinquency to the Funds should be credited for the Overpayment.

724599_1.docx
PTINTF-35750

30.     Permissive joinder of the Defendants is appropriate pursuant to Federal Rule of Civil Procedure 20(a)(2)(A) and (B) because there exists a common set of facts and a common transaction or series of transactions as between Plaintiffs' claims against each Defendant.

31.     The Funds also file this action pursuant to Federal Rule of Civil Procedure 22 for a judicial determination as to which Defendant is entitled to credit for the Overpayment.

32.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I – CONTRIBUTIONS UNDER ERISA – SUM CERTAIN

### ERISA FUNDS

#### v.

### AMERICAN VENTURE

33.     All previous paragraphs are incorporated as though fully set forth herein.

34.     Based on information currently available to the ERISA Funds, American Venture has failed to pay amounts due under the Labor Contract, Trust Agreements, and Plan for the period October 1, 2014 through September 30, 2018 in at least the sum of $622,602.87, as detailed in the attached Exhibit 4.

35.     The ERISA Funds are adversely affected and damaged by American Venture's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the court:

(1)     Enter judgment against American Venture in favor of the Plaintiffs, for the benefit of the Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages

8

provided by the documents governing the Funds or statute, the cost of any audit, and reasonable

attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment

all as provided under the Trust Agreements, Pension Plan, and 29 U.S.C. § 1132(g)(2).

(2)    Grant such other relief, legal or equitable, as may be just, necessary, or

appropriate.

## COUNT II – CONTRIBUTIONS UNDER CONTRACT – SUM CERTAIN

### PLAINTIFFS

### v.

### AMERICAN VENTURE

36.    All previous paragraphs are imported as though fully set forth herein.

37.    American Venture has not paid the Funds as required by the Labor Contract, and

other documents incorporated by the Labor Contract, such as the Trust Agreements or plan

documents of the Pension Fund.

38.    Based on information currently available to the Plaintiffs, American Venture has

failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from October

1, 2014, through September 30, 2018, in at least the sum of $630,690.55, as detailed on the

attached Ex. 4.

39.    Plaintiffs have been damaged as a proximate result of the breach of Labor

Contract and/or its incorporated documents by American Venture.

**WHEREFORE,** Plaintiffs ask that the Court:

(1)    Enter judgment against American Venture and in favor of Plaintiffs, for the

benefit of the Funds, for the sum certain currently due plus any additional amounts which

become due and owing during the pendency of this litigation or as a result of an audit together

724599_1.docx
PTINTF-35750

with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III – CONTRIBUTIONS UNDER ERISA – SUM CERTAIN

### ERISA FUNDS

#### v.

#### L&L

40.     All previous paragraphs are imported as though fully set forth herein.

41.     Based on information currently available to the ERISA Funds, L&L has failed to pay contributions due under the Labor Contract, Trust Agreements, and Plan for the period January 1, 2015 through December 31, 2017 in at least the sum of $103,499.38, as detailed in the attached Exhibit 5.

42.     The ERISA Funds are adversely affected and damaged by L&L's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the court:

(1)     Enter judgment against L&L in favor of the Plaintiffs, for the benefit of the Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute, the cost of any audit, and reasonable attorneys' fees

and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, Pension Plan, and 29 U.S.C. § 1132(g)(2).

(2)     Grant such other relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT IV – CONTRIBUTIONS UNDER CONTRACT – SUM CERTAIN

### PLAINTIFFS

#### v.

### L&L

43.     All previous paragraphs are imported as though fully set forth herein.

44.     L&L has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the Pension Fund.

45.     Based on information currently available to the Plaintiffs, L&L has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from January 1, 2015, through December 31, 2017, in at least the sum of $104,482.81, as detailed on the attached Ex. 5.

46.     Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by L&L.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the L&L and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the

11

collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

       (2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V – INTERPLEADER

### PLAINTIFFS

#### v.

### DEFENDANTS

47.    All previous paragraphs are imported as though fully set forth herein.

48.    As stated above, based on information currently available, Plaintiffs are unable to determine which Defendant is entitled to the Overpayment.  Defendants may have entered into agreement(s) (either oral or written) with one another for payment of each other's contributions to Plaintiffs.  However, Plaintiffs have not been provided proof of any such agreement(s) and thus cannot assign the Overpayment to any party without judicial intervention.

49.    Since either American Venture and/or L&L may be entitled to the Overpayment, there is danger that Plaintiffs could be exposed to double liability for the Overpayment.

**WHEREFORE**, Plaintiffs ask that, pursuant to Fed. R. Civ. P. 22, the Court:

(1)    Enter an order (a) determining whether American Venture or L&L is entitled to reimbursement of the Overpayment; and (b) relieving Plaintiffs from any future liability from Defendants due to Plaintiffs' receipt of the Overpayment, including reasonable attorneys' fees incurred in this action.

12

(2)      Grant such other or further relief, legal or equitable, as may be just, necessary or

appropriate.

Respectfully submitted,

**JENNINGS SIGMOND, P.C.**

/s/ James E. Goodley
Date: July 25, 2019     JAMES E. GOODLEY (ID No. 18911)
RYAN P. MCCARTHY*
1835 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 351-0641
Fax: (215) 922-3524
jsznyter@jslex.com/dmd_erisa@jslex.com

*Attorneys for Plaintiffs*

*Application for admission *Pro Hac* will be submitted at the appropriate time.

13